1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

WENDY FERGER, *et al.*,

Plaintiffs,

v.

C.H. ROBINSON WORLDWIDE, INC.,

Defendant.

Case No.  C06-174RSL

ORDER DENYING
MOTION TO SEVER

15
16

## I.  INTRODUCTION

17      This matter comes before the Court on a motion filed by defendant C.H. Robinson

18  Worldwide, Inc. ("defendant" or "CHRW") for an order severing the claims of plaintiffs Wendy

19  Ferger and Allison Cassie pursuant to Fed. R. Civ. P. 21 (Dkt. #6).  Plaintiffs were among a

20  group of employees who sought class action status to pursue various employment discrimination

21  claims against defendant in Carlson v. C.H. Robinson Worldwide, Inc., Case No. 02-3780 (D.

22  Minn. March 31, 2005) ("Carlson").  The court in Carlson declined to certify a class action for

23  purposes of a hostile work environment claim; plaintiffs filed their complaint in this Court in

24  February, 2005.

25

## II.  DISCUSSION

26      Fed. R. Civ. P. 21 provides that "parties may be dropped or added by order of the court

27
28  ORDER DENYING
    MOTION TO SEVER - 1

on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 21 can be used to sever parties improperly joined under Fed. R. Civ. P. 20 or to sever claims of parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation. Defendant argues that severing the claims is proper for both reasons.

Parties are permitted to join in one action if they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and if their claims share any common question of law or fact. Fed. R. Civ. P. 20(a). Joinder should be liberally granted to "entertain[] the broadest scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966). Courts consider the following factors:

> "whether the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory action, whether the discriminatory action involved the same supervisor or occurred within the same department, and whether there is a geographic proximity between the discriminatory actions. . . . On the other hand, . . . allegations of a common discriminatory policy or practice, or a company-wide policy of discrimination, could tilt the balance in favor of joinder despite those other factors which might favor severance."

<u>Wynn v. NBC</u>, 234 F. Supp.2d 1067, 1088 (C.D. Cal. 2002) (quoting <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 840 (9th Cir. 2000)).

Defendant argues that the claims should be severed because the only commonality between plaintiffs is that they both worked at some point as sales representatives for CHRW. Ferger worked at the Seattle branch from May 2000 to March 2004, and Cassie worked at the Portland branch from July 2000 to September 2001. They had different supervisors and coworkers. Both plaintiffs allege that they were subjected to a hostile work environment; Cassie also alleges that she was denied a promotion based on discrimination. These differences and the fact-specific nature of the claims weigh against joinder. If plaintiffs only alleged the same theory of harassment or a general company bias against women, their claims would be improperly joined. <u>See, e.g.</u>, <u>Grayson v. K-Mart Corp.</u>, 849 F. Supp. 785, 788 (N.D. Ga. 1994)

1   (severing claims of plaintiffs who alleged that they were demoted based on a broad policy

2   against older workers; each instance involved a different decisionmaker).  Plaintiffs, however,

3   also allege that they endured harassment based on a discriminatory pattern or practice.

4   Specifically, they allege that CHRW's human resources functions were consolidated and

5   centralized at its headquarters in Minnesota.  Plaintiffs contend that a group of six CHRW

6   employees were responsible for monitoring and enforcing the company-wide harassment policy

7   during the relevant time period, and those employees had a common practice of condoning or

8   tolerating harassing behavior.  Courts have held that alleging discrimination based on a common

9   policy or practice, particularly involving the same decisionmakers, can satisfy both requirements

10  of Rule 20.  See, e.g., Puricelli v. CNA Ins. Co., 185 F.R.D. 139, 143 (N.D.N.Y. 1999); King v.

11  Pepsi Cola Metro. Bottling Co., 86. F.R.D. 6, 8 (E.D. Pa. 1979).  Accordingly, plaintiffs'

12  allegations satisfy the requirements for joinder.

13       Defendant also argues that plaintiffs cannot prove the existence of a common policy

14  based on the court's holding in Carlson that plaintiffs had not established the commonality

15  element necessary for certification.  The Carlson court explained that plaintiffs had not shown

16  the existence of a policy of tolerating or promoting sexual harassment, and "fail[ed] to

17  demonstrate that the question of whether Plaintiffs in different branches are subjected to severe

18  and pervasive harassment based on sex is subject to common proof."  Defendant's Motion, Tab

19  4 at pp. 25-26 (determining that the "decentralized and independent nature of the branches and

20  business lines defeats a finding of commonality in this case").  Although the court's findings in

21  Carlson cast doubt on whether plaintiffs will be able to obtain sufficient evidence of a common

22  policy or practice to justify a joint trial, defendant has not shown that the Carlson findings are

23  entitled to preclusive effect in this case.  The Carlson court's order was not a final judgment on

24  the merits on the sexual harassment claims, and the issue of whether a common question of law

25  or fact exists for joinder is not the same as the issue of commonality for class action purposes.

26       Although the Court denies defendant's motion at this time, severance may be appropriate

27

28  ORDER DENYING
    MOTION TO SEVER - 3

later in the proceedings if plaintiffs are unable to obtain evidence to support their pattern and practice allegations or if there are insufficient commonalities in the handling of their harassment complaints.  Although defendant argues that trying the cases together will result in prejudice, inefficiency, and jury confusion, they have not shown that joint discovery will be inefficient. The Court will be a better position later to weigh the benefits of joinder against defendant's concerns regarding jury confusion and prejudice during trial.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to sever (Dkt. #6).


DATED this 25th day of July, 2006.




_MWt S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO SEVER - 4